CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 1 2020

JULIA C. DUDLEY, CLERK
BY: /s/ S. Leard
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) | **CASE NO. 7:20CV00352** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LIEUTENANT WOODSON, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Jowell Travis LeGendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant jail officials violated his constitutional rights to bodily privacy and to be protected against hazardous living conditions. Upon review of the record, the court concludes that the action must be summarily dismissed unless LeGendre prepays the $400 filing costs.[1]

At the time LeGendre filed this action in June 2020, he was confined at the Albemarle-Charlottesville Regional Jail ("ACRJ"), although he has since been transferred. LeGendre alleges that on the evening of June 9, 2020, he "was stripped and cut out of his clothes outside of the cell in the R&D center of jail, in full view of male and female inmates and officers." Compl. 2, ECF No. 1. That same evening, LeGendre "informed defendant Woodson that the cell he was being forced into smell[ed] of urine," and Woodson entered the cell and "put his boot in a 'splash o[f] urine.'" Id. LeGendre contends that Woodson completely ignored the jail's normal practice of thoroughly cleaning cells to prevent the spread of the COVID-19 virus from one inmate to another. As a result of Woodson's apathy toward cleanliness, LeGendre's worries about catching the virus "kept him awake through several long nights." Id. As relief in this action, LeGendre seeks

---

[1] LeGendre also admits on the face of his complaint that he has not filed any grievances about the allegations set forth in this complaint, as required before bringing a court action under 42 U.S.C. § 1997e(a), thus providing alternative grounds for potential dismissal of this action.

monetary damages.  He also seeks to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915.

Under federal law, however, all prisoner litigants must pay civil action filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account.  28 U.S.C. § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."  Id. § 1915(g).  "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice."  Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).

A review of court records indicates that before filing this lawsuit, LeGendre brought such actions or appeals on three or more prior occasions, including LeGendre v. City of Charlottesville, 7:20CV00182 (W.D. Va. April 23, 2020) (dismissed without prejudice for failure to state a claim); LeGendre v. Maney, No. 7:19CV00814 (W.D. Va. Jan. 30, 2020) (dismissed without prejudice for failure to state a claim); and LeGendre v. Maney, No. 7:19CV00686 (W.D. Va. Oct. 30, 2019) (dismissed without prejudice for failure to state a claim).  Accordingly, under § 1915(g), LeGendre may proceed with the present case without prepayment of the filing costs only if he has stated facts showing that he was in imminent danger of serious physical injury at the time he filed this civil action.

Under this exception to § 1915(g), the district court must determine whether the plaintiff's facts show that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter, related to the claims in the case.  Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (citing Abdul–Akbar v. McKelvie, 239 F.3d 307, 314 (3rd Cir.

Case 7:20-cv-00352-GEC-PMS   Document 16   Filed 12/01/20   Page 3 of 3   Pageid#: 50

2001)).  Thus, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Newkirk v. Kiser, 812 F. App'x 159, 159 (4th Cir. 2020) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).  Courts have also held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" and related to the alleged official misconduct.  See, e.g., Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Johnson, 200 F. App'x at 272 (quoting Martin, 319 F.3d at 1050).

Upon review of the record, the court concludes that LeGendre has not alleged facts sufficient to invoke the imminent danger exception.  LeGendre's allegations do not suggest any respect in which he was in imminent danger of serious physical injury at the time he filed this civil rights action, related to the defendants' actions alleged in the complaint.  Additionally, unlike the plaintiffs in Johnson and Newkirk, LeGendre is unable to establish that he is currently in imminent danger of being physically harmed by the defendants, since he is no longer incarcerated at the ACRJ.

For these reasons, the court concludes that LeGendre may not proceed with this civil rights action without prompt prepayment of the $400 filing costs.  Failure to prepay these costs within the allotted time will result in dismissal of this action without prejudice.  An appropriate order will issue herewith.

**ENTER**: This _1st_ day of December, 2020.

_(signature)_

Senior United States District Judge