IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) | CASE NO. 7:20CV00352 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LIEUTENANT WOODSON, ET AL.,** | ) | By:  Michael F. Urbanski |
| | ) | Chief United States District Judge |
| **Defendants.** | ) | |

This matter is before the court on Plaintiff Jowell Travis LeGendre's motions seeking reconsideration of the dismissal of his civil rights action under 28 U.S.C. § 1915(g). After review of the record, the court must deny LeGendre's motions.

At the time LeGendre filed this civil rights action pursuant to 42 U.S.C. § 1983, he was confined at the Albemarle-Charlottesville Regional Jail. He alleged that jail officials violated his constitutional rights to privacy and to be protected from hazardous living conditions. He sought to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915.

Under federal law, however, all prisoner litigants must pay civil action filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g). "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).

Review of court records indicated that before filing this lawsuit, LeGendre had brought such actions or appeals on three or more prior occasions, including LeGendre v. City of

Charlottesville, 7:20CV00182 (W.D. Va. April 23, 2020) (dismissed without prejudice for failure to state a claim); LeGendre v. Maney, No. 7:19CV00814 (W.D. Va. Jan. 30, 2020) (dismissed without prejudice for failure to state a claim); and LeGendre v. Maney, No. 7:19CV00686 (W.D. Va. Oct. 30, 2019) (dismissed without prejudice for failure to state a claim). Therefore, under § 1915(g), LeGendre could not proceed with this case without prepayment of the filing costs unless he stated facts showing that he was in imminent danger of serious physical injury at the time he filed this civil action. The court determined that LeGendre had made no such showing and ordered him to pay the full filing costs of $400 for the case. When he failed to do so within the allotted time frame, the court summarily dismissed the case under § 1915(g).

LeGendre moves for reconsideration of the dismissal order, citing McLean v. United States, 566 F.3d 391, 393 (4th Cir. 2009), which held that dismissal of a prison civil rights action without prejudice for failure to state a claim was not a "strike" under § 1915(g). The holding in McLean, however, was abrogated by the United States Supreme Court in Lomax, 140 S. Ct. at 1727 ("A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."). Thus, the court concludes that LeGendre's motions have demonstrated no basis for reversal of the dismissal of his civil action under § 1915(g) and, accordingly, will deny his motions. An appropriate order will issue herewith.

**ENTER**: This 27th day of May, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.05.27 23:45:42
-04'00'

Chief United States District Judge